UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILIMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A/CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V,<br><br>Plaintiff,<br><br>v.<br><br>MIRIAM CROWLEY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01178-MCE-KJN-PS<br><br>**ORDER** |

On June 26, 2019, Defendant MIRIAM CROWLEY, proceeding in pro se, filed a Notice of Removal of this unlawful detainer action from the El Dorado County Superior Court.[1] ECF No. 1. This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge. See E.D. Cal. Local R. 302(c)(21).

1

instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Defendant has failed to meet that burden.

Defendant initially premises her Notice of Removal on the argument that this Court has federal question jurisdiction under 28 U.S.C. § 1443(1). See ECF No. 1, 2:26-3:2. Elsewhere in her Notice she also claims federal jurisdiction under 28 U.S.C. § 1441(a). However, a review of the Complaint reveals that does not allege any federal claims; instead, it alleges only unlawful detainer under state law. ECF No. 1 at 15-17

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's sole claim is for unlawful detainer under state law. At most, Defendant argues that she has a defense under federal law. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted). Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1441(a) or 1443(1).[2]

Defendant goes on to assert that the Court has diversity jurisdiction under 28

---

[2] To the extent Defendant alleges she wants to raise "a federal question surrounding the construction of [Plaintiff's] Pooling and Service Agreement" (ECF No. 1 at 6:11-16), that is an issue that goes beyond the face of this unlawful detainer case and consequently cannot constitute a federal question upon which removal of the case can be predicated.

U.S.C. § 1332(a) and 1441(b).  She fails to demonstrate, however, beyond an unsubstantiated assertion, that the citizenship of the parties is diverse as required by the statute.  Moreover, even if Defendant could show the requisite diversity, she cannot show that the amount in controversy exceeds the sum of $75,000 as also required by § 1332(a).  Indeed, examination of Plaintiff's Complaint shows that it is an unlawful detainer complaint whose demand is specifically limited at less than $10,000. Consequently, the requirements for diversity jurisdiction have not and cannot be satisfied in this case.

Accordingly:

1. The action is REMANDED to the El Dorado County Superior Court.
2. The Clerk of Court is directed to serve a certified copy of the order on the Clerk of the El Dorado County Superior Court, and reference the state case number (No. PCU20190019) in the proof of service.
3. The Clerk of Court is directed to close this case and vacate all dates.
4. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. PCU20190019.

IT IS SO ORDERED.

Dated:  July 2, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE